# Gideon Orion Oliver
—ATTORNEY AT LAW—
He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com\*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914\*

*\*Not for service*

January 25, 2023

**BY ECF AND FAX**
Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

  Re: <u>*Lachlan Cartwright v. City of New York, et al.,* 22-cv-07198 (NRB)</u>

Your Honor:

  I represent Plaintiff Lachlan Cartwright. This case has been designated for participation in the so-called "1983 Plan" in Local Civil Rule 83.10. Pursuant to the 1983 Plan, mediation is scheduled to take place on Tuesday, January 31, 2023, with pre-mediation statements due the day before. I now write seeking an order compelling Defendants to produce recordings of 911 calls and related communications, NYPD radio communications, and related 911, radio run, and/or SPRINT reports – which Defendants were required to produce in December under the 1983 Plan – no later than noon on January 30, 2023, so that Plaintiff can make use of them at the mediation the next day. Notwithstanding this application, Plaintiff does not wish to adjourn the mediation under any circumstances, and will proceed on Tuesday without these records if necessary.

  By way of background, as pleaded in the Complaint (ECF 1), on Easter Sunday, April 17, 2022, Mr. Cartwright lawfully entered the open door of The Player's Cafe, a West Village boutique store. After browsing for some time, he realized he had not seen, and could not find, anyone working in the store. Mr. Cartwright called and was in communication with management and staff to alert them that the store was open and unattended, and as a result the Store Manager traveled to the store, and, apparently, called 911. After waiting for some time for the Store Manager to arrive, Mr. Cartwright eventually decided to leave. Before doing so, he left his business card and a note along with items he had picked out to buy.

  Then, NYPD members arrived. They detained, questioned, and eventually arrested him, despite his protestations that he was innocent, and pleas that they read the note he had left, check his phone, and contact The Players Cafe staff – including the Store Manager, who was at the time on her way to the store and repeatedly calling Mr. Cartwright.

As Mr. Cartwright was at the NYPD's 6th Precinct, the Store Manager arrived at the store. She viewed security footage, which confirmed that Mr. Cartwright had not only not done anything wrong, but rather acted as a Good Samaritan, and informed police that the store did not want to press charges. However, Defendants did not release Mr. Cartwright. Instead, after a supervisor apparently spoke with a member of the office of the NYPD's of the Deputy Commissioner for Public Information ("DCPI") who indicated in sum that DCPI knew Mr. Cartwright and that he was in substance "not a good guy", police decided to process Mr. Cartwright for and charge him with criminal trespass although they knew Mr. Cartwright had not entered or remained unlawfully in the store. On April 21, 2022, the Office of the District Attorney of New York County ("DANY") declined to prosecute the case.

Mr. Cartwright filed a notice of claim with the Office of the Comptroller of New York City on July 15, 2022, initiated this action on August 23, 2022, and promptly served the City of New York and the two non-Doe Defendants, Officer Clinton and Sergeant Sprague. Defendants City, Clinton, and Sprague answered on November 14, 2022. (ECF 7). The case has since proceeded according to the 1983 Plan.

On December 5, 2022, Defendants made certain limited disclosures pursuant to the 1983 Plan. However, the 911 reports and recordings, and NYPD radio run reports and recordings, among other required records, were not included in the production. In a December 12, 2022 letter, I advised Defendants they were out of compliance with the 1983 Plan's requirements to produce, among other things, the 911 and NYPD radio recordings, as well as the related 911, radio run, and/or SPRINT reports, and asked them to either produce the documents or confirm in writing they do not exist. Since then, the parties have exchanged a number of e-mails about the issue. On January 18, 2023, Defendants produced a document called an "Event Chronology" that is one of the types of summary reports created related to 911 calls and NYPD responses to them. Each time I have written defense counsel to follow up on these materials, upon information and belief, defense counsel has followed up with Defendants, but, aside from that single document, Defendants have not produced any of the required reports. And, more importantly, Defendants have produced none of the underlying recordings of 911 and NYPD communications.

Upon information and belief, the NYPD's Communications Section and/or other aspects of the NYPD maintains digital versions of recordings of 911 and NYPD communications, stored in a manner that makes accessing and copying them reasonably easy. The recordings and reports are in the NYPD's possession, unless they were not preserved.[1] Presumably, related to this matter, the NYPD has preserved those digital recordings of the 911 call from the Store Manager, as well as any related 911 calls, communications the caller(s) had with 911 operators, communications 911 operators had

---

[1] As a matter of law, Defendants' duty to preserve existed — at the absolute latest — upon receiving the notice of claim. *See Hughes v City of N.Y.*, No. 18-CV-9380, 2022 WL 3919637, at *2 (S.D.N.Y. Aug. 31, 2022) (notice of claim receipt triggers City's obligation to "place a litigation hold on any of the City's potentially relevant evidence.").

with NYPD members, and communications NYPD members had with each other about the police response and Mr. Cartwright's arrest and/or arrest processing. It is those recordings (and the related 911, radio run, and/or SPRINT reports that have yet to be produced) that the 1983 Plan required Defendants to turn over last month, and which Plaintiff now seeks for use in next week's mediation. The recordings in particular, or evidence of their spoilation, will support Plaintiff's claims and version of events and they would therefore be useful to Plaintiff in connection with the mediation.

        Plaintiff therefore asks that the Court order Defendants to produce the recordings of all 911 and NYPD communications, as well as all 911, radio run, and/or SPRINT reports, related to the incident, no later than noon on January 30, 2023, and/or that the Court order such other and/or further relief as the Court deems just and proper.

                              Respectfully submitted,

                                /S/

                            Gideon Orion Oliver

cc:    By ECF and e-mail to opposing counsel

```
Application denied for failure to comply
with Fed. R. Civ. P. 37(a)(1).

SO ORDERED.

          NAOMI REICE BUCHWALD
          UNITED STATES DISTRICT JUDGE

Dated:    January 26, 2023
          New York, NY
```

3